Hulett v. Kennedy.

No. 426.

HULETT v. KENNEDY.

VENDOR AND PURCHASER.—*Representations by Purchaser.*—*Right to Rely on.*
—*Fiduciary Relation*—As a rule a seller has no right to rely upon a pur-
chaser's representations respecting the value of the property in negotia-
tion. The buyer has the same right to disparage its value in order to
obtain a good bargain as the seller has to enhance its value for the same
purpose. But this rule does not apply to those standing in a fiduciary
relation, when one is led to rely upon the judgment and integrity of an-
other, induced by his integrity or better means of information. Such
confidence can not be abused by one in whom it is imposed, though in-
spired by no act of his, provided he knows of it and suffers it to exist.

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy, B. T. Ristine* and *T. H.
Ristine,* for appellant.

*L. J. Coppage,* for appellee.

CRUMPACKER, J.—Lucinda F. Kennedy sued Nathan
Hulett for damages for deceit and false representations in
connection with the purchase of a tract of land.

The complaint alleges, in substance, that one John W.
Hulett died in May, 1887, intestate, and was the owner
at the time of his death, of an eighty-acre tract of land in
Montgomery county, of the value of $5,000.00; that said
decedent was incurably insane for several years prior to
his death, during which time he was confined in the
county infirmary of said county, and the defendant was
his guardian and had the entire control and management
of his estate, and was fully acquainted with its condition;
that said decedent left surviving him as his only heirs at
law the defendant, his brother, and the plaintiff and one
James A. Morris, sister and brother by the half blood;
that the defendant undertook to settle said estate as
guardian, and it was agreed by and between the heirs
that he should continue to rent said real estate until a

purchaser could be found therefor, when it should be sold and the money equally divided; that plaintiff was a married woman, and had the cares and burdens of a household, and was inexperienced in business matters, and was unacquainted with the value of real estate, and particularly the land owned by said decedent; that the defendant was a farmer of good judgment and large experience and was well acquainted with the value of real estate, and particularly with the quality and value of the real estate above mentioned; that on the — day of January, 1888, the defendant well knowing of plaintiff's ignorance and lack of experience, but wickedly and fraudulently designing and intending to deceive and mislead her and obtain her interest in said real estate for a sum far below its real value, informed plaintiff that the estate of John W. Hulett was indebted to Montgomery county in the sum of nine hundred dollars for his care and maintenance for three years before his death and the settlement of the estate would cost one hundred dollars, all of which would have to be paid out of said real estate, as said decedent left no personal property; that said real estate was not worth more than $2,400.00 and could not be sold for more than that amount; that believing said statements and representations to be true, and relying upon them, plaintiff was induced thereby to sell and convey her interest in said land to the defendant for the sum of four hundred and fifty dollars.

Whereas, in truth and in fact such statements and representations were false and were so known to be by the defendant at the time; that said county did not have a claim against said estate for nine hundred dollars or any other amount, nor was the estate compelled to pay any sum to said county; that at the time he made such representations the defendant knew that said real estate could be sold for $4,500.00, but fraudulently concealed such fact from the plaintiff, and shortly after her conveyance to

him the defendant actually sold such property for $4,-500.00.

Wherefore, she asks judgment, etc.

The general denial was filed to the complaint, and the cause was tried by a jury and resulted in a general verdict in favor of plaintiff for three hundred and sixty dollars. The jury also returned answers to a series of interrogatories properly submitted to them by the court, as follows:

1. "After the death of John W. Hulett was there any agreement by and between all of the parties that the defendant should continue to rent said real estate until a purchaser could be found therefor at its fair cash value, in which case it should be sold, and in either event the proceeds should be divided equally among the plaintiff and the defendant and James A. Morris?"

"No—James W. Foster, foreman."

2. "Was there any contract or agreement of any kind between the plaintiff and the defendant in relation to the land described in the complaint prior to the time of the agreement of plaintiff to sell the same to the defendant?"

"No—James W. Foster, foreman."

3. "Was not plaintiff's agreement to sell and the defendant's agreement to buy the land described in the complaint the first and only contract or agreement of any kind made between the parties concerning said land?"

"Yes—James W. Foster, foreman."

4. "Was not Levi Kennedy the husband and agent of the plaintiff and authorized to act for her in the matter of securing any interest she had in the land described in the complaint?"

"Yes—James W. Foster, foreman."

5. "At the time of the agreement by plaintiff to sell to the defendant the land described in the complaint, did not the county of Montgomery have pending a claim for $450.00 against the estate of said John W. Hulett?"

" Yes—James W. Foster, foreman."

6. " Had the defendant good reason to believe that the land described in the complaint was of the value of only from $30.00 to $35.00 per acre at the time said land was conveyed by plaintiff? "

" Yes—James W. Foster, foreman."

7. " At the time of the sale and conveyance by plaintiff to the defendant of the land described in the complaint did the defendant know where the sum of $4,500.00 could be obtained for said real estate? "

" No—James W. Foster, foreman."

8. " At the time of sale by plaintiff to defendant, did defendant know that Samuel Stoner would purchase said land at any price, and had the defendant any conversation with Stoner about buying said land ? "

" No—James W. Foster, foreman."

9. " Was not the first talk between the defendant and Samuel Stoner about buying said land had after the defendant had purchased of plaintiff?"

" Yes—James W. Foster, foreman."

10. " Did the defendant, before he purchased the land in question of the plaintiff, represent to her that the claim of Montgomery county against John W. Hulett was $900.? "

" He said all claims amounted to $900—James W. Foster, foreman."

11. " What was the undivided one-third of the land in complaint mentioned worth at the time the defendant bought the same, January 4, 1888 ?

" We think it was worth $935— James W. Foster, foreman."

Judgment was rendered upon the general verdict, and the defendant appeals and relies for reversal upon the action of the court in denying him judgment upon the interrogatories.

We think there was no error in the ruling of the court.

There is no such repugnancy between the general and special findings as will enable the latter to overthrow the former. The fact that appellee's husband acted as her agent in securing her interest in the land is not inconsistent with evidence tending to show the existence of confidential relations between appellee and appellant respecting the questions involved in the transactions complained of.

While the jury expressly found that appellant did not represent the claim of the county to be nine hundred dollars, evidence might have been introduced conclusively proving that he did represent it to be eight hundred and fifty dollars, when in fact it was only four hundred and fifty, and it might have been proved under the issues that the claim as filed was utterly foundationless, and that appellant was fully assured that it could be defeated with but little trouble or expense. The fair inference from the special finding is that the land was worth $2,800, and that appellant had reason to believe it was worth that much. Evidence is supposable tending to prove that appellant had positive assurance that the land would bring that amount in cash at any time, and with such assurance persuaded appellee to believe that it could not be sold for more than $2400. Other hypotheses might be suggested harmonizing the general and special finding, but we deem it unnecessary.

Ordinarily, a seller has no right to rely upon a purchaser's representations respecting the value of the property in negotiation. The buyer has the same right to disparage its virtues in order to obtain a good bargain as the seller to enhance and applaud them for the same purpose. But this rule does not apply to those standing in relations of confidence, when one is led to rely upon the judgment and integrity of the other, induced by his reputation for integrity or his better means of information. Such confidence can not be abused by the one in whom it is im-

posed, though inspired by no act of his, provided he knows of it and suffers it to exist. 1 Bigelow Fraud, p. 365.

There is no error in the record.

The judgment is affirmed.

Filed Feb. 18, 1892.